UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
                                                    :
KRISTINE VISCOVICH,
                                                    :        **Case No.: 20-cv-10567**
                            Plaintiff,              :        **(PAE)**
        vs.                                         :
                                                             **STIPULATION AND**
FENDI S.R.L. and FENDI ADELE S.R.I.,                :        **PROTECTIVE ORDER**

                            Defendants.             :

------------------------------------------------------------------------- X

By and through their undersigned counsel, Plaintiff Kristine Viscovich, and Defendant

Fendi S.r.L., (together, the "Parties"), respectively submit the following Stipulation and

Protective Order for consideration and entry by the Court.

## RECITALS

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad

discretion to issue protective orders limiting disclosure or discovery in order to avoid

"annoyance, embarrassment, oppression, or undue burden or expense."

WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides that the Court may

order that privileges and protections are "not waived by disclosure connected with the litigation

pending before the court—in which event the disclosure is also not a waiver in any other federal

or state proceeding."

WHEREAS, Rule 502(e) of the Federal Rules of Evidence provides that "[a]n agreement

upon the effect of disclosure in a federal proceeding is binding only on the parties to the

agreement, unless it is incorporated into a court order."

WHEREAS, Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" and Rule 26(b)(3)(B) provides that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

WHEREAS, the Parties possess documents that are potentially relevant to this dispute but protected from disclosure by privilege or other protections (including work-product) ("Privileged Information"), and they seek to avoid any waiver of privileges or other protections during the course of these proceedings, except for intentional waivers made with the producing party's explicit knowledge and affirmative consent.

WHEREAS, the Parties possess information, including, but not limited to, financial information, trade secrets, business and employment data, and other types of confidential information, which is of value and not in the public domain ("Proprietary Information"). This Proprietary Information could be subject to discovery or disclosure in this case, yet its unrestricted disclosure in the public domain would likely cause significant and irreparable harm to the Parties and their respective activities.

WHEREAS, the Parties expect any documents they produce in this action will be used only for purposes of this litigation, and will be handled with a degree of security and care necessary to prevent its unauthorized access, use or disclosure, including the timely disposition or return of discovery materials at the conclusion of this case.

WHEREAS, the Parties expect to share information obtained through the discovery process with their experts, consultants and others, including the Parties' employees, attorneys and advisers.

WHEREAS, the Parties seek to preserve the full value and confidentiality of their Proprietary Information and any Proprietary Information of others that they have a duty to protect.

WHEREAS, the Parties intend to employ reasonable methods to screen, categorize and redact as needed any Privileged Information or Proprietary Information for production (and redaction) in this case, but recognize that it may not be practicable or financially feasible to correctly identify and designate each item correctly, so that a clawback mechanism would be efficient.

WHEREAS, the Parties seek to reduce the costs and burdens of discovery in this case by ensuring that the legal privileges and protections that apply to information and documents produced are not subject to any inadvertent, unintentional or unknowing waivers or disclosures in this or any other jurisdiction, to the full extent permitted by law and regardless of whether their efforts to avoid waiver or disclosure are deemed reasonable by others.

NOW, THEREFORE, the Parties have agreed to preserve the confidentiality and the privileged or protected status of all Privileged Information and Proprietary Information, in accordance with this protective order ("Protective Order") and pursuant to the following terms and conditions:

## EFFECT OF THIS ORDER

ANY person subject to this Order — including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery

in this action, and all other interested persons with actual or constructive notice of this Order —

will adhere to the following terms:

## SAFEGUARDING DISCOVERY MATERIALS

1.    Any person subject to this Order who receives from any other person any Privileged Information or Proprietary Information must take reasonably sufficient steps to prevent its unauthorized access, use or disclosure by or to anyone else except as expressly permitted.

2.    The Parties and their counsel will maintain Privileged Information or Proprietary Information produced to them securely, with the same degree of care with which they protect their and their clients' sensitive and confidential materials.

## DESIGNATION AND TREATMENT OF PROPRIETARY INFORMATION

3.    Any person subject to this Order who receives from any other person any material designated as "Confidential" pursuant to the terms of this Order, will not disclose such material to anyone else except as expressly permitted.

4.    Confidential Material will not be used by receiving Parties for any business, commercial or competitive purpose, or in any manner whatsoever in another case, litigation, proceeding or activity, whether private or public, factually related to this action or otherwise.

5.    Documents that constitute Proprietary Information may be designated as "Confidential" under this Protective Order in the manner described below.

6.    The person producing any Discovery Material may designate as "Confidential" any portion of such material.

7.    The term "Confidential" may be used to designate, without limitation, any type or category of Privileged or Proprietary Information, including: (a) hard-copy documents and

4

electronically stored information, including original written, recorded, graphic or electronic materials, and all identical or non-identical copies thereof; (b) discovery responses and collections, including answers to interrogatories, responses to requests for admissions or production, deposition transcriptions and any of their exhibits, attachments or enclosures; (c) copies, notes, abstracts or summaries of such information, and the information itself; and (d) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

8.     Documents, including electronically stored information, or confidential portions thereof, must be designated as "Confidential" by labeling them "Confidential" or, in the case of electronic files that cannot be conveniently labeled, indicating in some other prominent way that the files are considered "Confidential," in a way that does not interfere with legibility.

9.     Any party may object to the designation of documents as "Confidential" under this Protective Order within 30 days of production, in which case the following process will apply:

   a. The Parties will meet and confer telephonically in an attempt to informally resolve the dispute;

   b. If the informal process does not reach a resolution, the party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure will serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request;

   c. If agreement still cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling;

d. The burden will be on the designating party to establish that its designation of "Confidential" is consistent with this Protective Order;

e. Any disputed items will be treated as "Confidential" pending resolution of the dispute and until either the Parties agree that the disputed items will not be treated as "Confidential" or the Court rules that the disputed items will not be treated as "Confidential";

f. To the extent the Court orders the parties to file a motion concerning any objection to the designation of documents as "Confidential", the designating party will file the motion.

10. During the course of a deposition, a party may designate documents or testimony as "Confidential" pursuant to this Protective Order, as follows:

a. The deposition transcript will be designated "Confidential" or a party making the designation can have the corresponding portion of the deposition record or the exhibit labeled as "Confidential";

b. Counsel may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at the deposition about a particular document or disclosing particular information is subject to this Protective Order or "Confidential";

c. Each deposition witness testifying about "Confidential" material during a deposition will be provided at the deposition with a copy of this Protective Order and will be advised on the record that he or she is bound by the terms of this Protective Order and informed of the applicable legal remedies for violating this Protective Order;

d. No person will be present during portions of a deposition that have been designated "Confidential," unless that person is a party to this action, or is authorized under the terms of this Protective Order to receive documents and information that have been designated as "Confidential," or unless that person receives the express consent to be present from the party making the designation;

e. If so designated, the final transcript of the designated testimony will be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter;

f. The Parties will have an additional thirty (30) business days following receipt of a final deposition transcript to designate portions of it or its exhibits as "Confidential"; and

g. Access to any portion of a deposition transcript or exhibit designated "Confidential" will be limited pursuant to the terms of this Protective Order.

11. Documents that have been designated "Confidential," along with summaries, characterizations, descriptions, copies or extracts of such materials and the information within them, must be maintained by the Parties in confidence and may not be given, shown, made available to or communicated to any other person whomsoever, except to the following:

a. the Parties to this action, and with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

b. counsel retained specifically for this action, including any paralegal, clerical or temporary staff, litigation support personnel and other assistants employed

or engaged by such counsel or working under the supervision of such counsel on this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any person retained by a party to serve as an expert witness, consultant, or otherwise provide specialized advice to counsel in connection with this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. stenographers engaged to transcribe depositions conducted in this action;

f. independent photocopying, graphic production forensics or litigation support service personnel employed by the parties or their counsel to assist in this action and any computer service personnel performing duties in relation to a computerized litigation platform;

g. the Court and its support personnel; or

h. any other person whom the producing person, or other person designating the Discovery Material confidential, agrees in writing may have access to such Discovery Material.

12.     Prior to any disclosure of any material designated "Confidential" to any person referred to in subparagraphs 11(d), such person will be provided by counsel with a copy of this Protective Order and will sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto—stating that that person has read this Order and agrees to be bound by its terms. Said counsel will retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial) or at the

conclusion of the case, whichever comes first. To be clear, this paragraph does not apply to non-testifying experts or consultants.

13. Nothing in this Protective Order will require that non-testifying experts or consultants be deposed or otherwise be subject to discovery. Such experts or consultants will execute the Non-Disclosure Agreement and the retaining party will maintain that Non-Disclosure Agreement in escrow.

14. Nothing in this Protective Order affects the rights of the Parties to use or disclose their own Proprietary Information in any way, whether or not it has been designated as "Confidential" in this case. The disclosure by one of the Parties of its own Proprietary Information will not constitute a waiver or alter the protections of this Protective Order, and will not entitle other Parties, non-parties or their attorneys or their other agents to use or disclose such information in violation of the Protective Order.

15. All Confidential Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Material, will be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The Parties will use their best efforts to minimize such sealing. For any document filed under seal, (a) a redacted version of the document will be filed on the public docket on the same day, and (b) a letter will be filed on the public docket indicating what has been filed under seal.

16. If a party intends to use at trial documents or electronically stored information designated as "Confidential" under this Protective Order, the party intending to use the confidential material will provide notice to the disclosing party so that the disclosing party can make a motion or request to the Court to seal the courtroom, the record or anything else

necessary to maintain the confidential nature of the materials. "Confidential" documents will not lose that status when they are used in the course of trial.

17.     In the event that it comes to the attention of an attorney for a receiving party that documents designated as "Confidential" have been inadvertently disclosed to someone not authorized under the terms of this Protective Order to receive such materials, then the attorney will immediately give notice describing the circumstances of the unauthorized disclosure for counsel of record to the party who designated the document or information as "Confidential". Additionally, upon recognizing any failure to treat documents designated as "Confidential" in the manner provided herein, the Parties will immediately take such steps as are reasonably necessary to have the items appropriately protected, sealed or restored to their confidential status, along with providing notice to the designating party.

18.     In the event that documents or information designated as "Confidential" are inadvertently produced without the appropriate designation, such documents and copies thereof will be returned to the producing party within five (5) business days of any written notice requesting their return in order to affix the appropriate designation and return them to the receiving party within five (5) business days. Under no circumstances will the inadvertent, unintentional or unknowing production of "Confidential" documents or information, or the giving of testimony claimed to be "Confidential" without so labeling the transcript during the deposition, constitute a waiver of the confidentiality designation.

19.     The Parties may request reasonable extensions of the deadlines for designating their documents "Confidential" under this Protective Order, and such requests will not be unreasonably denied by the other party.

20.	Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, or any other proceeding in which Confidential Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received information designated as "Confidential" pursuant to this Order will either (a) make a good-faith and reasonable effort promptly to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the producing party; or (ii) make a good-faith and reasonable effort promptly to destroy all such Confidential material, and certify to its destruction in writing to counsel for the producing party. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph. Upon conclusion of this matter, the disclosing party will retain a copy of the Confidential Materials and destroy those materials at the time of destruction of the remainder of the file in accordance with law and company record retention policies.

21.	If any person in possession of Confidential Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Material (collectively, a "Demand"), the receiving party will give written notice (by hand or email) to counsel for the producing party within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Material or on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the producing party. Nothing herein will be construed as requiring the recipient of Confidential Material, or anyone else covered by this Order, to

challenge or appeal any order requiring production of Confidential Material or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the receiving party with any order directing production pursuant to a Demand of any Confidential Material will not constitute a violation of this Order.

## NON-WAIVER OF PRIVILEGE PURSUANT TO FRE RULE 502(d)

22. Pursuant to Rule 502(d)-(f) of the Federal Rules of Evidence, no unintentional disclosure of Privileged Information during the discovery process in this litigation, regardless of the cause of the disclosure or the reasonableness or lack of reasonableness of the efforts to prevent it, will constitute a waiver of any privilege or other protections (including work product) applicable to Discovery Materials, in this or any other proceeding.

23. If the producing party discovers that privileged or protected material has been produced unintentionally, or it learns of the production of such privileged or protected material from another party, the producing party will request within five (5) business days that the receiving party immediately return the documents in question.

24. Upon receiving such a clawback request and notification of an unintentional disclosure, or if a receiving party or its counsel self-identifies Privileged Information in a production, the receiving party will immediately sequester, return, delete or destroy all copies of such inadvertently produced Privileged Information, including any and all work-product containing or derived from Privileged Information, and the receiving party will make no further use or disclosure of the Privileged Information whatsoever.

25. A receiving party must notify the producing party if the receiving party discovers Privileged Information among Discovery Materials it has received, or if the receiving party disclosed Privileged Information to others before receiving notification of its privileged status. A receiving party must take all necessary and reasonable steps to secure the return of any

Privileged Information of a producing party that the receiving party has disclosed to others, and such disclosure by the receiving party will not operate as a waiver of any privilege or protections afforded to Privileged Information, in this or any other proceeding.

26.    Parties will act in good faith to timely produce privilege logs.

27.    Nothing in this Order will prevent a receiving party from challenging the assertion of privilege or other protection with respect to any documents or electronically stored information subject to discovery in this case; provided, however, that any challenge to the privileged status of Privileged Information that has been unintentionally produced must be made within ten (10) court days after the producing party gives notice of the privilege or protection, by presenting the disputed information under seal with the Court for determination pursuant to Federal Code of Civil Procedure 26(b)(5)(B) or other procedures outlined by the Court. Provided, however, that the fact that documents and/or information were produced unintentionally in this action cannot serve as a reason for finding that any applicable privilege or protection has been waived.

28.    Notwithstanding anything to the contrary herein, Privileged Information that has been prepared by the Parties' outside lawyers during the pendency of this action is not subject to discovery in this litigation.

**GENERAL PROVISIONS**

29.    Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, will not:

      a. Prejudice in any way the rights of the Parties to (i) seek production of documents or information they consider subject to discovery, or (ii) object to the production of documents or information they consider not subject to discovery;

b. Prejudice in any way the rights of the Parties to object to the authenticity or admissibility into evidence of any Discovery Material;

c. Require either of the Parties to employ any particular method or technique to locate, redact or exclude Proprietary Information or Privileged Information from the Discovery Materials they produce;

d. Prejudice in any way the rights of any party to (i) petition the Court for a further protective order relating to any purportedly Confidential Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Material should be subject to the terms of this Order;

e. Prevent any party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

f. Prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility of any document, testimony, or other evidence subject to this Order;

g. Preclude any party from objecting to discovery that it believes to be otherwise improper;

h. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege or immunity; or

i. Constitute an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by Court order or the Federal Rules of Civil Procedure.

30. The provisions of this Protective Order may be modified at any time by stipulation of the Parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order.

31. The Parties expressly acknowledge that, by entering into this Stipulation, they do not waive any claims or defenses.

32. The Court will retain jurisdiction to enforce and/or to modify this Protective Order.

Dated: New York, New York
~~April __, 2021~~
MAY 12, 2021

**SO ORDERED** as of the date of execution.

DATED: _____5/12/21_____

_____
Honorable Paul A. Engelmayer
United States District Judge

**SO STIPULATED** as of the date of execution.

DATED: ___MAY 12, 2021_____

By: _____
Frank V. Floriani, Esq. (FF4489)
Counsel for Plaintiff

By: _____
Michael H. Bai, Esq. (MB2074)
Counsel for Fendi S.r.L.

15